The Honorable Joe Hudson State Representative P.O. Box 470 Mountain Home, Arkansas 72653
Dear Representative Hudson:
This is in response to your request for an opinion on the following questions:
 (A) Can a city of the first class create a board to manage a city-owned youth center and grant that board the following powers:
 (1) Authority to hire and dismiss any and all employees, set salaries, schedules and approve expenses and overtime;
 (2) Authority to contract for services, facility usage and all purchases;
 (3) Authority to prescribe rates, charges, fees, memberships and rental, lease agreements, collect and disperse all funds derived from the operation of the Youth Center as well as whatsoever grants may be gained and the funds allocated by the City of Mountain Home for the operation of the Youth Center?
 (B) Can the city of the first class establish a commission pursuant to A.C.A. §§ 14-269-101 to -112 for the only purpose of operating a youth center, or does this subchapter require the commission to operate the entire park system?
It is my opinion that the response to all of your questions is "yes," a city of the first class is so empowered, as long as these actions are taken pursuant to A.C.A. §§ 14-269-101 to -112 (1987).
In the interests of clarity, it is necessary to answer your last question, Question (B), first, and then address Question (A), and its three subparts. The statutory subchapter you have cited in Question (B), A.C.A. §§ 14-269-101 to -112, provides at A.C.A. § 14-269-104(a) and (b) that:
 (a) Any municipality, at its option, may establish a commission to acquire, construct, reconstruct, extend, equip, improve, and operate any project under this subchapter.
 (b) The commission shall have full and complete authority with respect to the project and its operation and with respect to the collection and disposition of revenues derived from the operation of the project.
[Emphasis added.]
The meaning of the term "project" is discussed at A.C.A. §14-269-103(a), which provides that:
 (a) Any municipality in this state is authorized to own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning, or otherwise deal in or dispose of any land, buildings, improvements, or facilities of any and every nature whatever necessary or desirable for the developing and providing of public parks and facilities within or near the municipality including, without limitation, recreation areas, stadiums, auditoriums, arts and crafts centers, folklore centers, interpretive centers, camping areas, and other facilities so as to provide for the recreation and cultural needs of its inhabitants and to stimulate and encourage the economic growth of the municipality and its inhabitants; each such undertaking by a municipality shall sometimes be referred to in this subchapter as a `project.' [Emphasis added.]
As can be seen from the language above, each undertaking by a municipality for the purposes set out above is considered a "project" for purposes of the subchapter. Section 14-269-104(a) empowers a municipality to establish a commission to operate "any project" under the subchapter, and A.C.A. § 14-269-104(b) grants powers to any such commission created "with respect to the project." (Emphasis added). It is thus clear that under this subchapter, the municipality may establish a commission for the purpose of overseeing one project, rather than the entire parks system as a whole.[1] A city of the first class may thus, under the authority of A.C.A. §§ 14-269-101 to -112, create a commission to oversee one project, and when this subchapter is reviewed, it appears that the answers to your remaining questions are also "yes." Specifically, A.C.A. § 14-269-104(i) provides that:
 The members of the commission shall receive no compensation for their services, but they shall employ such agents, servants, and employees and shall compensate them upon such terms as shall be necessary in order to effectively carry out the purposes of this subchapter. In this regard, the commission shall have full and complete authority to do any and every act and to take any and every action necessary to carry out the purposes of this subchapter including, without limitation, the authority to contract and the authority to prescribe rates and charges and to enter into necessary rental and lease agreements; however, only the municipality shall have the authority to issue revenue bonds or, in any way, to pledge, obligate, or create a lien upon the project or any of the revenues derived therefrom.
It is clear from this language, in my opinion, and in response to your Question (A)(1), that the commission would be empowered to hire and fire all employees, set salaries and schedules and approve expenses and overtime as necessary. It is also my opinion that the commission may, under the authority of A.C.A. § 14-269-104(i) and § 14-269-103(b), take the actions described in your Questions (A)(2) and (3), with the possible qualification that the municipal governing body may need to be the signatory on any loan or grant agreement with the federal government.See A.C.A. § 14-269-103(c). The authority to expend such grant funds and any city contributed funds, however, in my opinion, may be deemed to be reasonably included within the authority of the commission under A.C.A. § 14-269-104(i), and A.C.A. § 14-269-104(b), when read together. Cf.generally Op. Att'y Gen. 96-251 (stating that a Parks Commission created under A.C.A. §§ 14-269-201 to -206 would have the authority to expend grant monies and city contributed funds even though relevant statutory language only specifically empowered the commission to expend revenues "derived from the operation of the park").
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] But cf. Op. Att'y Gen. 92-071 (ordinance of municipality could not empower an existing Parks Commission to itself create a "Youth Commission" and grant it many of the powers granted by statute to the Parks Commission under A.C.A. §§ 14-269-301 to -306).